Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Rebecca R. Perez
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 07 2024

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:24-CR-0021-TOR |
| Plaintiff, | INDICTMENT |
| v. | Vio.: 18 U.S.C. § 2252A(a)(2), (b)(1) Receipt of Child Pornography (Count 1) |
| NATHAN ROY STOUT, | |
| Defendant. | 18 U.S.C. § 2252A(a)(5)(B), (b)(2) Possession of Child Pornography (Count 2) |
| | 18 U.S.C. § 2253 Forfeiture Allegations |

The Grand Jury charges:

## COUNT 1

Beginning on or about August 2022, and continuing until on or about January 15, 2023, in the Eastern District of Washington, the Defendant NATHAN ROY STOUT, having previously been convicted of Distribution of Child

INDICTMENT – 1

Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), in United States District Court for the Eastern District of Washington, case number 2:18-CR-00023-TOR-1, which was a prior conviction under Chapter 110 of Title 18, did knowingly receive child pornography, as defined in 18 U.S.C. §§ 2256(8)(A), that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and that was transported via any means or facility of interstate and foreign commerce, to wit: still images and video files depicting minor and prepubescent children engaging in sexually explicit conduct including actual and simulated intercourse, and the lascivious exhibition of the genitals and pubic area, as defined in 18 U.S.C. § 2256(2)(A), all in violation of 18 U.S.C. § 2252A(a)(2), (b)(1).

COUNT 2

On or about January 15, 2023, in the Eastern District of Washington, the Defendant NATHAN ROY STOUT, having previously been convicted of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), in United States District Court for the Eastern District of Washington, case number 2:18-CR-00023-TOR-1, which was a prior conviction under Chapter 110 of Title 18, did knowingly possess material which he knew contained one or more visual depictions of child pornography, as defined in 18 U.S.C. § 2256(8)(A), the production of which involved the use of a minor who had not attained 12 years of

INDICTMENT – 2

age engaging in sexually explicit conduct, and which visual depictions were of such conduct that had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, and had been mailed, shipped or transported using any means or facility of interstate or foreign commerce, and that was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce, by any means including computer, all in violation of 18 U.S.C.§ 2252A(a)(5)(B), (b)(2).

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations set forth in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense(s) in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), Receipt of Child Pornography, (Count 1); and/or 18 U.S.C. §2252A(a)(5)(B), (b)(2), Possession of Child Pornography (Count 2), as alleged in this Indictment, the Defendant, NATHAN ROY STOUT, shall forfeit to the United States any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or

INDICTMENT – 3

intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property. The property to be forfeited includes, but is not limited to: a Motorola smart phone and an SD card

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

DATED this 7 day of February 2024.

A TRUE BILL

*Vanessa Waldref*
Vanessa R. Waldref
United States Attorney

*[signature]*
Rebecca R. Perez
Assistant United States Attorney

INDICTMENT – 4